694

Frank ROSSI of Gardiner in the County
of Kennebec and State of Maine,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 7-87.

United States District Court
D. Maine, S. D.

June 25, 1963.

Jotham D. Pierce, Ralph I. Lancaster,
Jr., Portland, Me., for plaintiff.

Alton A. Lessard, U. S. Atty., Port-
land, Me., Rufus E. Stetson, Jr., Atty.,
Dept. of Justice, Tax Div., Washington,
D. C., for defendant.

GIGNOUX, District Judge.

■ This is an action under 28 U.S.C.
§ 1346(a) (1) to recover federal excise
(highway use) taxes in the amount of
$3,130 and penalties of $70.75, alleged to
have been illegally and erroneously as-
sessed and collected from plaintiff for
the fiscal years ended June 30, 1957
through 1960, with respect to certain
Mack trucks owned and operated by
plaintiff. The sole issue is whether·or
not the Mack trucks involved are "high-
way motor vehicles" within the meaning
of Section 4482(a) of the Internal Reve-
nue Code of 1954, 26 U.S.C. § 4482(a),
and therefore subject to the highway use
tax imposed by Section 4481 of the Code,.
26 U.S.C. § 4481.

The facts were stipulated by the par-
ties and are as follows: During the·
years in question, Frank Rossi was a.
contractor engaged in the highway con--
struction business in the State of Maine.
In the course of this business, he owned·
and operated 20 heavy-duty Mack trucks,
all of which exceeded 96 inches in width.[1]
The operation of these trucks was con-
fined by Maine law to designated high-,
way and bridge construction areas,[2] ex--

1. The over-all widths of the three models
of trucks in question are as follows:
Model FTIC, 109 inches; Model LJXID,
99 inches; and Model B8ISX, in excess
of 96 inches.

2. Me.Rev.Stat.Ann. ch. 22, § 94 (1954),
which provides in pertinent part:
"Sec. 94. *Height and width of motor*
*vehicles and trailers limited.*—No motor

vehicle or trailer which with or without
load is wider than 96 inches over all shall
be operated upon any way or bridge
* * *. Provided, however, that the
provisions of this section shall not apply
to snow plows and equipment used ex-
clusively for the removal of snow or to
construction equipment the uses of which
are confined to the limits of highway and,
bridge construction projects * * *."

cept when moved under their own power from site to site pursuant to special permit.[3] It is agreed that plaintiff's use of the trucks in question was in fact limited to such general construction areas, which may have included portions of public highways within the areas so circumscribed, except when the trucks were moved from one construction site to another pursuant to permit.

Section 4481(a) of the Internal Revenue Code of 1954 imposes a tax upon the use of any "highway motor vehicle" which has a taxable gross weight of more than 26,000 pounds. Section 4482(a) of the Code defines a highway motor vehicle as follows:

"(a) *Highway motor vehicle.*—For purposes of this subchapter, the term 'highway motor vehicle' means any motor vehicle which is a highway vehicle."

■ The issue then is whether these trucks fall within the statutory definition. The definition itself is of little assistance. However, Section 41.4482 of the Regulations, Treas.Reg. § 41.4482, provides, in pertinent part:

(a)–1 *Definition of highway motor vehicle*

"(a) *In general.* The term highway motor vehicle means any vehicle which is propelled by means of its own motor, * * * and which is of a type used for highway transportation.

"(c) *Highway vehicle.* The term highway motor vehicle does not include any vehicle which, although propelled by means of its own motor, is of a type not used for highway transportation, that is, of a type designed and manufactured for

a purpose other than highway transportation."

The Regulations thus make clear that the guide to be used in applying the statute in a particular case is the purpose for which the vehicle was designed and manufactured, and that the tax is not to be applied to a vehicle designed and manufactured for a purpose other than highway transportation.

Upon the record in this case it seems clear that the trucks in question were of a type designed and manufactured for a purpose other than highway transportation. The brochure describing the Model B8ISX trucks states that these trucks are "capable of successfully adjusting to the varying demands of speed and strength in heavy-duty, *off-highway,* dumper, mixer, logging, oil field and carry-all tractor operations." (Emphasis added.) While obviously the trucks were capable of use for highway transportation, it is conceded that during the period in question here they were excluded from the highways of the vast majority of the states, which, like Maine, limited the use of their highways, in the absence of special permit, to vehicles whose width did not exceed 96 inches. A similar limitation on the over all width of vehicles permitted to use the Interstate Highway System was also incorporated in the Federal-Aid Highway Act of 1956. 70 Stat. 374 (1956).[4] In view of the serious legal limitations imposed upon their operation on the highways, by both state and federal law, not only in this state but throughout most of the country, it would be an unwarranted assumption to conclude that the use of these trucks for highway transportation played any significant part in their design and manufacture.

3. Me.Rev.Stat.Ann. ch. 22, §§ 97, 98 (1954).

4. 23 U.S.C. § 127 provides in pertinent part:
"No funds authorized to be appropriated for any fiscal year under section 108 (b) of the Federal-Aid Highway Act of 1956 shall be apportioned to any State within the boundaries of which the In-

terstate System may lawfully be used by vehicles * * * with a width in excess of ninety-six inches, or the corresponding * * * maximum widths permitted for vehicles using the public highways of such State under laws or regulations established by appropriate State authority in effect on July 1, 1956, whichever is the greater."

An examination of the legislative history reinforces the conclusion that in adopting this tax Congress did not intend to tax vehicles of a type not used for highway transportation. The tax in question is one of several which were imposed by the Highway Revenue Act of 1956, 70 Stat. 387 (1956), and which were designed to raise funds to finance the federal highway program authorized by Congress in the Federal-Aid Highway Act of 1956. The Highway Revenue Act of 1956 imposed a new tax upon the use of heavy trucks and buses, and increased already existing taxes on fuels, tires and tread rubber, and on the manufacture of trucks, buses and truck trailers. The intent of the Congress was that this should be a "pay-as-you-build" program. S. Rep.No.2054, 84th Cong., 2d Sess. (1956), 2 U.S.Code Cong. & Ad.News p. 2851 (1956). In fulfillment of this purpose, the taxes were all related to highway use, and their application was deliberately restricted to cases involving highway use. 2 U.S.Code Cong. & Ad. News, supra at p. 2852. The tax in question was specifically made applicable only to highway motor vehicles used on a highway. 2 U.S.Code Cong. & Ad.News, supra at p. 2857.

It is also significant that in a closely related area of taxation the Commissioner has apparently ruled that the manufacturers excise tax, imposed by Section 4061(a) of the 1954 Code, 26 U.S.C. § 4061(a), does not apply to vehicles of the type here involved. The Regulations under that Section specifically exclude from coverage any vehicle which is not designed for highway use. Treas.Reg. § 40.4061(a)–1(d). Rev.Rul. 57–440, 1957–2 Cum.Bull. 721 excludes from the application of the manufacturers excise tax those vehicles whose widths exceed 102 inches (apparently "by reason of limitations imposed by state laws upon their use"), and likewise excludes from tax any vehicle " * * * regardless of width, which is designed or adapted by the manufacturer for purposes predominantly other than the transportation of persons or property on the highway even though incidental highway use may occur."

In final analysis, whether plaintiff is entitled to recover in this action requires a determination of what Congress intended when it enacted the legislation in question. Being satisfied that Congress did not intend to subject to tax vehicles which are primarily designed for off-highway use, this Court concludes that the trucks in question are not "highway motor vehicles" within the meaning of Section 4482(a) of the Internal Revenue Code of 1954, and that plaintiff is entitled to the refund of the taxes and penalties paid by him with respect to them for the years in question.

The Clerk is directed to enter judgment for the plaintiff in the amount of $3,200.75, plus interest and costs as provided by law.