**CARL NELSON LOGGING COMPANY, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 3-66-49.**

United States District Court
D. Idaho,
Central Division.

Dec. 13, 1967.

Myron E. Anderson, Boise, Idaho, for plaintiff.

Sylvan A. Jeppesen, U. S. Atty., Jay Bates, Asst. U. S. Atty., Boise, Idaho, Jerome L. Hillis, Jerome Fink, Attys., Tax Div., Dept. of Justice, Washington, D. C., Allan G. Shepard, Idaho Atty. Gen., Boise, Idaho, for defendant.

## MEMORANDUM DECISION

McNICHOLS, District Judge.

This is an action to recover federal excise (highway use) taxes in the amount of $660.00, plus statutory interest, alleged to have been illegally and erroneously assessed and collected from plaintiff for the taxable period August 1, 1964, through June 30, 1965.

This case arises under the Internal Revenue laws of the United States, more particularly Title 26 U.S.Code, §§ 4481, 4482, 6532(a) (1) and 7422(a).

This Court has jurisdiction under Title 28 U.S.Code, §§ 1340, 1346(a) (1) and 1402(a).

The following facts are admitted and require no proof:

(a) Plaintiff, Carl Nelson Logging Company, Inc., is a corporation organized under the laws of the State of Idaho. Its principal place of business is located in Pierce, Idaho. Plaintiff is in the business of cutting, skidding and hauling logs for Potlatch Forests, Inc., in Clearwater County, Idaho.

(b) On March 11, 1966, the Commissioner of Internal Revenue assessed plaintiff for Highway Motor Vehicle Tax on four trucks owned by plaintiff in the amount of $660.00 for the taxable period August 1, 1964, through June 30, 1965. Plaintiff paid the above tax assessment with interest on or about April 14, 1966, and filed a claim for refund of the entire amount plus interest on April 29, 1966. The claim for refund was disallowed in full by the Commissioner of Internal Revenue by registered letter on June 28, 1966.

(c) The present suit and defendant's answer were timely filed.

(d) The highway motor vehicle tax for the taxable period in question was based on four 1964 International trucks owned and operated by plaintiff. The gross weight category utilized in computing the highway use tax assessment is not in dispute. The outside width of the trucks without the specialized or custom built equipment attached thereto is eight feet; with the specialized or custom built equipment attached thereto, the width is nine feet or more.

(e) During the period in question, plaintiff was contracting the logging of timber owned by Potlatch Forests, Inc. on the Jazz Creek drainage of the Clearwater National Forest in Clearwater County, Idaho. After cutting, skidding and loading the logs, plaintiff's trucks would haul the logs from the logging operation to the Potlatch Forests, Inc. Camp 57 landing, or the Potlatch Forests, Inc. stud mill and veneer plant at the Jaypee landing.

(f) The total length of the route from the logging operation to the point of delivery was about 32 miles, which included 9 miles of Forest Development Road No. 250. The evidence is quite clear that other than the nine mile segment of Forest Development Road No. 250, the plaintiff was solely on private land and private roads.

(g) The nine mile segment of Forest Development Road No. 250 is maintained at the request of the U. S. Forest Service under a cooperative agreement, by the logging contractors and timber companies using same. During the period in question L. Cardiff, Inc., was designated to perform the required maintenance for the cooperative, and each operator was to pay eight cents per thousand board feet per mile of road hauled. During the period in question plaintiff paid, through Potlatch Forests, Inc., the sum of $2,344.22 to L. Cardiff, Inc., under this cooperative agreement. In addition to the money plaintiff paid under the cooperative agreement, the evidence shows that plaintiff expended substantial sums on its own to grade and widen various sections of

the road in question in order that it would facilitate the large logging trucks used on the job.

The pertinent statutes involved in this case are as follows:

*Title 26 U.S.C. section 4481.*

"(a) *Imposition of tax.*—A tax is hereby imposed on the use of any highway motor vehicle which (together with the semitrailers and trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle) has a taxable gross weight of more than 26,000 pounds, at the rate of $3.00 a year for each 1,000 pounds of taxable gross weight or fraction thereof. * *

"(b) *By whom paid.*—The tax imposed by this section shall be paid by the person in whose name the highway motor vehicle is, or is required to be, registered under the law of the State in which such vehicle is, or is required to be, registered, or, in case the highway motor vehicle is owned by the United States, by the agency or instrumentality of the United States operating such vehicle.

"* * *."

*Title 26 U.S.C. section 4482. Definitions.*

"(a) *Highway motor vehicle.*—For purposes of this subchapter, the term 'highway motor vehicle' means any motor vehicle which is a highway vehicle.

"* * *.

"(c) *Other definitions.*—For purposes of this subchapter—

"* * *

"(3) *Use.*—The term 'use' means use in the United States on the public highways.

"* * *."

The parties agree that only two issues are presented in this case which are: (1) Whether or not plaintiff's four logging trucks were "highway motor vehicles" within the meaning of Title 26, U.S.C. § 4482(a); and (2) Whether or not said trucks were used on a "public high-

way" within the meaning of Title 26, U.S.C. § 4482(c) (3).

It appears to the Court that this is a case of first impression for no controlling authority on either question presented has been provided.

Turning to the first issue, the defendant argues strenuously that plaintiff's four logging trucks are "highway motor vehicles" within the meaning of the taxing statute and are subject to the highway use tax. Defendant relies upon Federal statutes and regulations, Idaho statutes, and various other arguments to support this contention. The Court does not agree. After a careful study of the various Federal and State statutes and regulations pertinent, together with the undisputed evidence describing the physical makeup of the vehicles, this Court can only come to the conclusion that the four logging trucks used by plaintiff are not "highway motor vehicles" as contemplated in the statutory taxing scheme.

The evidence clearly supports the conclusion that the four specific trucks involved in this case were not of the type ordinarily engaged in highway transportation. Instead, they were ordered, designed, adapted and used for a purpose other than highway transportation. The same is true with respect to the special built trailers on which the logs were hauled.

Even conceding that trucks of the same basic model are used for highway hauling, it does not follow that plaintiff's trucks as outfitted and utilized remained highway motor vehicles as affected by the use tax. To the basic design were added: extra duty 38,000 pound double reduction rear ends, heavy duty cross members, heavy duty transmissions, extra large brakes, extra large diesel motors and deep tread lug-type off-highway tires. Special logging equipment designed for specific uses were added, namely water tanks for the brakes, sub-frames, extra wide logging bunks and complete heavy duty trailers with extra wide bunks.

These elements became integral parts of the trucks.

These trucks had nine foot wide bunks, and weighed, when loaded, 120,000 pounds. An average load was 18 feet high. Each of these measurements and weights exceeds the maximum allowed for highway use. These trucks are, when so equipped and loaded, because of width, height, and weight, prohibited from using state and Federal-aid Highways. Secs. 49–901(c), 49–913(a) (b), Idaho Code, and 23 U.S.C. § 127.

Plaintiff's vehicles were designed specially to carry these huge loads on unimproved roads, climbing and descending very steep grades, up to 15%. The special tires would generate heat on a surfaced road so as to make them unusable thereon.

The defendant relies on the general proposition that vehicles which violate operating limitations are not tax exempt. With that proposition, the Court agrees fully. If a vehicle meets the classification of a "highway motor vehicle" and is operated on a "highway" within the meaning of the taxing statute here involved, there is no question but that it would be subject to the tax whether or not it met the legal operating requirements as set forth by State and Federal law.

It is clear, however, that the four trucks involved were never intended to be used for highway transportation. It is inconceivable to infer that anybody would order the type of trucks and equipment that are involved here for highway transportation. They are economically, legally, and practically prohibitive for highway use.

■ Admitting arguendo, that the four trucks in question were capable of use for highway transportation, it does not follow that such use was considered significant in their design and manufacture. It seems to this Court that an important criteria should be the purpose for which the vehicle was designed and manufactured when determining whether it is subject to the tax in question. The

tax is not to be applied to a vehicle designed for a purpose other than highway transportation. Rossi v. United States, 220 F.Supp. 694 (D.Maine, S.D., 1963).

■ The record in this case leads me to conclude that the four trucks in question were of a type wholly designed for a purpose other than highway transportation. It follows that they were not "highway motor vehicles" within the meaning of § 4482(a) of Title 26, U.S. Code.

Turning to the second issue in this case, defendant contends that the nine mile segment of Forest Development Road No. 250 is a "public highway" within the meaning of 26 U.S.C. § 4482(c) (3). Eighty-five percent of this 9 mile section of road crosses land owned by Potlatch Forests, Inc., and the balance of the road crosses land belonging to the State of Idaho and the United States Forest Service.

It appears that the old road or trail, which is now designated as Forest Development Road No. 250, was constructed in 1920, assumedly by Potlatch Forests, Inc. Prior to 1955, no easements of any kind were held by anyone for use of this road. In 1955, Potlatch Forests, Inc. gave the United States Forest Service a permissive easement to realign the old road, reserving to itself and its agents the right to cross on, over or across any part of this road. In return, Potlatch Forests, Inc. received reciprocal rights to use the 15 percent of the road crossing the State and Forest Service lands. The road has been maintained and improved at all times by Potlatch Forests, Inc. or its contractors under cooperative agreements, subject to the approval of the Forest Service.

The road in question is classified primarily as a timber road by the Forest Service. Its secondary classification is for recreation, and thirdly, for fire control, and so forth. Although the general public has access to the road, it appears that the Forest Service has the authority to restrict traffic during an emergency

situation such as fire or floods, or if such traffic hampers logging operations.

On the other hand, it appears that Potlatch Forests, Inc. and/or its contractors, such as plaintiff, have an absolute right to haul logs over the road in question unless an emergency situation is present. No restrictions as to height, weight, or width of loaded trucks or any logging equipment used on this road are present.

From the evidence it is found that the road in question is not within the classification of the four road systems created under Idaho law (49–109, Idaho Code), nor is it a part of the forest highway system of the State of Idaho. Furthermore, Forest Development Road No. 250 is not part of the Federal-aid system.

The road in question is not a "highway" as defined by § 49–101(u) of the Idaho Code. Under that provision two conditions must be satisfied. First, the road must be open to the use of the public as a matter of right; and second, the road must be maintained by the State of Idaho or some taxing subdivision or unit thereof, or the Federal government or an agency thereof. It is clear that neither condition has been met in this case regarding Road No. 250.

■ From the above, the Court can only conclude that the road in question was not a "public highway" within the meaning of 26 U.S.C. § 4482(c) (3).

This conclusion is further supported by reviewing the taxing act itself and the legislative history connected therewith.

The tax in question is within the provisions of the Highway Act of 1956 (70 Stat. 374). It amended the Federal-aid and Road Act approved July 11, 1916, and authorized appropriations for continuing and expanding the Federal-aid program.

Under Title II of said Act, Congress provided for funding the program by increasing already existing taxes on fuel, tires and manufacturers of cars, buses and truck trailers. In addition, a new tax was imposed upon "Highway Motor Vehicles", which is the tax involved in this case.

The taxes above mentioned go into a highway trust fund (§ 209(a)); 100 percent of the taxes collected upon highway motor vehicles go into the trust fund. Section 209(f) (1) of the Highway Act provides that the amounts in the trust fund shall be available, as provided by appropriation acts, for making expenditures to meet those obligations of the United States which are attributable to *Federal-aid highways.* Section 23 U.S.C.A. § 101 defines the term "Federal-aid highways" as meaning highways located on one of the Federal-aid systems as described in § 103 of Title 23. Section 103(a) sets forth the three types of Federal-aid systems which are the primary and secondary systems, and the Interstate System. Section 103(b) explains the requirements that must be met for a highway to be classified as one of the three systems. Forest Development Road No. 250 does not meet these requirements.

The Court must conclude from the above that the taxes imposed by 26 U.S.C.A. § 4481 are not to be applied in the construction or maintenance of roads of the same classification as Forest Development Road No. 250.

■ It is the Court's conclusion that Congress did not intend that the "use tax" in question be levied upon non-Federal-aid highway users. This conclusion seems clear in light of the legislative history surrounding the act in question. See 2 Cong. & Adm.News, beginning at page 2852 (1956). Congress intended that the tax burden be distributed equally among the various classes of persons using Federal-aid highways, or otherwise deriving benefit from such highways. Section 209(b) and § 210(a), Highway Act of 1956; Rossi v. United States, 220 F.Supp. 694 (1963).

It follows that the definition of a public highway for the purpose of collecting the tax under 26 U.S.C.A. § 4481 should not be extended to Forest Highway Road No. 250.

**676**

This Court has carefully reviewed defendant's brief which sets forth several other arguments and propositions of law in support of its position. While it may correctly state general rules of law, it is not persuasive in the case at bar.

Because of the above, this Court finds firstly, the trucks in question are not "highway motor vehicles" within the meaning of Title 26 U.S.C.A. § 4482(a), and secondly, Forest Development Road No. 250 is not a "public highway" within the meaning of Title 26 U.S.C.A. § 4482 (c) (3).

The plaintiff is entitled to the refund of the taxes and penalties paid by him for the period in question.

This Memorandum Decision will constitute the Findings of Fact and Conclusions of Law of the Court as permitted by Rule 52, Federal Rules of Civil Procedure. Counsel for the plaintiff will prepare and lodge a proposed judgment in conformance herewith.