**STAFFORD WELL SERVICE, INC.,**
**a Wyoming corporation,**
**Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 5568.**

United States District Court,
D. Wyoming.

April 17, 1972.

Kirven & Hill, Buffalo, Wyo., for plaintiff.

Richard V. Thomas, U. S. Atty., Cheyenne, Wyo., and Jerome Fink and Eugene D. Silverman, Attys., Tax Div., Dept. of

Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

KERR, District Judge.

This case involves the applicability of a federal highway use tax to certain vehicles operated by Stafford Well Service, Inc., in its oil service business.

Jurisdiction is predicated upon Title 28, United States Code, Sections 1346(a)(1) and 1402(a).

Stafford Well Service, Inc., (hereinafter referred to as "Stafford") is engaged in the oil well servicing business. Stafford employs the use of seven large, self-contained derrick tractor trucks which can be driven to a well site and the derrick placed in an upright, vertical position under its own source of power.

The seven vehicles were driven on public highways during the tax year in question a total of 3,455 miles and the United States of America levied on Stafford a highway use tax pursuant to Section 4481(a) of the Internal Revenue Code. The tax was assessed on the use of the highways from July 1, 1969, to June 30, 1970, and amounted to the sum of $1,260.00. Stafford paid the tax and filed a claim for remittance. The claim for remittance was rejected by the Internal Revenue Service on February 1, 1971.

The issue in question is whether plaintiff's trucks are subject to the highway use tax imposed by 26 U.S.C. § 4481.

The statute requires that a use tax be imposed " * * * on the use of any highway motor vehicle which (together with the semitrailers and trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle) has a taxable gross weight of more than 26,000 pounds, * * * ". 26 U.S.C. § 4481(a).

Since the taxable gross weight of each of plaintiff's vehicles is in excess of 26,000 pounds, and each vehicle is more than 96 inches in width, the issue narrows down to whether plaintiff's trucks are highway motor vehicles within the meaning of the statute.

The statute defines "highway motor vehicle" as meaning " * * * any motor vehicle which is a highway vehicle". 26 U.S.C. § 4482(a).

A Treasury Regulation presents a more explicit definition stating in general that "The term 'highway motor vehicle' means any vehicle which is propelled by means of its own motor, whether such motor is powered by gasoline, diesel fuel, special motor fuels, electricity or otherwise, and *which is of a type used for highway transportation*". 26 C.F.R. 41.4482(a)-1 (a). (Emphasis supplied)

The Regulation further states that "The term 'highway motor vehicle' does not include any vehicle which, although propelled by means of its own motor, is of a type not used for highway transportation, that is, of a type designed and manufactured for a purpose other than highway transportation". The regulation goes on to state, however, that " * * * the fact that equipment or machinery having a specialized use (as for example, an air compressor, crane, or specialized oil field machinery) is mounted on a vehicle which, apart from such equipment or machinery, is of a type used for highway transportation will not remove such vehicle from classification as a highway motor vehicle". 26 C.F.R. 41.4482(a)-1(c).

Appropriate case law dealing with the issue presented here is scarce. Two cases which lend authority to this matter are Rossi v. United States, 220 F.Supp. 694 (D.C.Me.1963), and Carl Nelson Logging Company v. United States, 281 F.Supp. 671 (D.C.Idaho 1967).

The Rossi case involved twenty heavy duty Mack trucks, all of which exceeded 96 inches in width. These trucks were confined, by Maine law, to highway and bridge construction areas except when driven from site to site pursuant to special permit. In some instances public

highways may have been used when the trucks moved to a different site. The government levied taxes upon the use of the public highways pursuant to 26 U.S.C. § 4481(a).

An action was then brought to recover the taxes paid. The Court stated that "While obviously the trucks were capable of use for highway transportation, it is conceded that during the period in question here they were excluded from the highways of the vast majority of the states, which, like Maine, limited the use of their highways, in the absence of special permit, to vehicles whose width did not exceed 96 inches".

Pursuant to Wyoming law Stafford's trucks are limited in their use of the state highways. Wyo.Stats. (1957) § 31–217.3. The statute forbids the operation on state highways of most vehicles over 96 inches in width. However, special permits can be issued for the temporary use of certain highways. Wyo.Stat (1957) § 31–217.5. It is further evident that thirty-six states in all require registration of vehicles similar to those operated by Stafford. Polk's Motor Vehicle Registration Manual, R. L. Polk & Co., Pub., Copyright, 1959.

The Rossi case, at p. 695, goes on to state that " * * * [I]n view of the serious legal limitations imposed upon their operation on the highways, by both state and federal law, not only in this state but throughout most of the country, it would be an unwarranted assumption to conclude that the use of these trucks for highway transportation played any significant part in their design and manufacture". The court discussed, for purposes of comparison, the manufacturers excise tax. If felt it was significant that the manufacturers excise tax did not apply to the vehicles involved in the matter. The Court quoted from a revenue ruling which stated the manufacturers excise tax did not apply to any vehicle " ' * * * regardless of width, which is designed or adapted by the manufacturer for purposes predominantly other than the transportation of persons or property on the highway even though incidental highway use may occur'."

Stafford admits in its brief that while the tractor portion of the rig is subject to the excise tax, the oil field equipment is not. It then argues that under 26 U.S.C. § 4481 such a vehicle is considered a unit and is inseparable for purposes of taxation. This argument is valid since the statute states "A tax is * * * imposed on the use of any highway motor vehicle which (together with the semitrailers and trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle) has a taxable gross weight of more than 26,000 pounds, * * * *". 26 U.S.C. § 4481(a). Stafford then argues that since the vehicle is inseparable by virtue of 26 U.S.C. § 4481(a) the entire vehicle is not subject to the manufacturers excise tax and therefore it cannot be subject to any use tax. This is a plausible argument in light of the above quoted statutory language and the Rossi case.

The Court in the Rossi case concluded that it was not the intent of Congress " * * * to tax vehicles which are *primarily* designed for off-highway use * * *". (Emphasis supplied)

The case of Carl Nelson Logging Company v. United States, 281 F.Supp. 671 (D.C.Idaho 1967), involved the imposition of the use tax (26 U.S.C. § 4481) to four logging trucks employed to haul logs from the logging site to the mill. The Court stated that although the trucks were capable of use on public highways, " * * * it does not follow that such use was considered significant in their design and manufacture. It seems to this Court that an important criteria should be the *purpose* for which the vehicle was designed and manufactured when determining whether it is subject to the tax in question". (Emphasis supplied). Id. at 674.

Based upon the foregoing authorities, it is only too clear that the Stafford vehicles were designed primari-

ly for off-highway use and are not the type used for highway transportation. Their operation on state and federal highways was limited by state and federal statutes. Stafford's seven vehicles together accumulated only 3,455 miles during the tax year in question, this being strong evidence they were not primarily intended for highway use. Their primary purpose was to move oil field equipment from one job site to another and not to transport property on public highways. The fact that their operation involved the incidental use of public highways does not justify the imposition of the use tax.

The defendant's justification for the imposition of the use tax here is based substantially upon Revenue Ruling 69–340, 1969–1 Cum. Bull. 291. That ruling held, as was stated in Revenue Ruling 70–589 ———, a "* * * self-propelled motor vehicle designed and constructed to transport specialized oil field equipment and machinery over the highway from one job site to another" is a "* * * 'highway motor vehicle' for purposes of the tax imposed by Section 4481 of the Code".

The question then arises as to the weight the revenue ruling should be given by the Court. It was stated in O'Neill v. United States, 281 F.Supp. 359 (D.C.Ohio 1968), that "Regulations are not entitled to equal weight before the courts. A court has greater freedom when passing on an interpretative rule than a legislative one. In the case of an interpretative rule, the legislature has not delegated power to an agency to make a rule which is binding upon the courts. An interpretative regulation does not prevent a reviewing court from substituting its judgment on questions of desirability or wisdom. 'The law is embodied in the statute and the Court is free to interpret the statute as it sees fit'."

No language could more clearly set forth the fact this Court may disregard this revenue ruling since it is an interpretative rule. The Court, there-

fore, supersedes the revenue ruling in favor of its own interpretation of the statute as set out above.

Accordingly, summary judgment will be entered awarding plaintiff the sum of $1,260.00, together with the legal rate of interest provided therefor.